IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DESIRAY JAIBAIL ALLEN,

      Plaintiff,

v.                                                                Case No. 26-CV-042-JFH

STEVEN HARPE, et al.,

      Defendants.

## OPINION AND ORDER

Plaintiff Desiray Jaibail Allen ("Plaintiff"), a state prisoner appearing *pro se* and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Dkt. No. 1. This matter is before the Court for preliminary screening of his Complaint [Dkt. No. 1]. For the following reasons, the Court finds that the Complaint should be dismissed without prejudice.

### I.    Screening Standard

District courts must screen civil complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Further, an action brought by a prisoner proceeding *in forma pauperis* may be dismissed "at any time" under these same standards. 28 U.S.C. § 1915(e)(2). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint must contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

While the Court must liberally construe a complaint drafted by a self-represented plaintiff, the rule of liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  It is not the "proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*  Nor is it proper for the court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.    Discussion

Plaintiff alleges that his rights were violated at the Allen Gamble Correctional Center ("AGCC") in Holdenville, Oklahoma.  Dkt. No. 1, at 5-6.  He names as defendants Oklahoma Department of Corrections ("ODOC") Director Steven Harpe, AGCC Warden Michael Miller, AGCC Assistant Warden Bo Renell, and AGCC "head or records" Mr. Peteet.  *Id.* at 3-4.  Plaintiff alleges that he submitted a written Request to Staff to Defendant Peteet "concerning days [he] was on probation" but the Request to Staff was returned to him unanswered.  *Id.* at 5-6.  Plaintiff appears to argue that the grievance was improperly handled and that the mishandling was due to a failure to train those responsible for responding to prisoner grievances.  *Id.* at 5-7.  Plaintiff seeks monetary relief and requests that the Court "reward [him his] credit days while out on probation and while in the system."  *Id.* at 7.

2

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Accordingly, Plaintiff's request to be awarded "credit days" is improper under § 1983. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Because a prisoner's claim necessarily challenges the fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement, such a claim must be brought under habeas."); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." (internal citations omitted)).

Plaintiff's claim for damages likewise fails. Insofar as Plaintiff's pleading could be liberally construed as claiming a constitutional violation in relation to the fact or duration of his confinement, Plaintiff's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Heck*, 512 U.S. at 486-87 (explaining that a plaintiff may not recover damages in a § 1983 action for an unconstitutional conviction or imprisonment unless the conviction or sentence has been reversed, expunged, or declared invalid); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to "proceedings that call into question the fact or duration of parole or probation"). Insofar as Plaintiff may merely be asserting that a prison grievance was improperly handled, the claim fails because allegations of an improperly handled grievance do not support a federal claim for relief. *See Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017) ("A viable due process claim cannot rest on allegations of an unfair or inadequate [prison] grievance

process."); *Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004); *Sims v. Miller*, 5 F. App'x 825, 828 (10th Cir. 2001).[1]

Finally, even if Plaintiff's allegations could demonstrate a constitutional violation, his Complaint nonetheless would be subject to dismissal.  Plaintiff does not state whether he is suing Defendants in their individual and/or official capacities.  Regardless, even under a liberal construction, Plaintiff's Complaint fails to plausibly allege a policy or custom attributable to the entity of which Defendants are agents, as required to support an official-capacity claim.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Plaintiff's allegation of inadequate training is merely conclusory.  Nor does the Complaint plausibly allege the personal participation of any named defendant, as required to support an individual-capacity claim.  *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that, in the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her"); *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (explaining that supervisory liability requires "an 'affirmative link' between the supervisor and the constitutional violation" (internal quotation marks omitted)).  Plaintiff provides no factual allegations against Defendant Harpe, Miller, or Renell, and his vague allegation of Defendant Peteet's involvement in the disposition of Plaintiff's grievance does not support a showing of personal participation in a constitutional violation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself

---

[1]  The Court cites unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

For these reasons, the Court finds that the Complaint fails to state a claim upon which relief may be granted and that amendment would be futile. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Hall*, 935 F.2d at 1110.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. A separate judgment of dismissal shall be entered in this matter.

Dated this 25th day of June, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE